

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

*Reaffirm) WW820*

*Lee W 3930 L*

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 12, 1967

Honorable Stanley Kacir
District Attorney
Bell County Courthouse
Belton, Texas 76513

Opinion No. M-168

Re: The effect, if any, of the amendment of
Article 1064, Code of Criminal Procedure
(H.B. No. 79, 60th Legislature, R.S.) on
Attorney General's Opinion No. WW-820
(1960).

Dear Mr. Kacir:

You have requested the opinion of this office regarding the above question. In summary Attorney General's Opinion WW-820 (1960), made the following holding:

"The District Clerk of Nueces County cannot charge a fee to another county for the furnishing of certified copies of papers to be used in the requesting county in criminal cases."

Section 1 of Article 3912e, Vernon's Civil Statutes, provides, in part:

"No district officer shall be paid by the State of Texas any fees or commissions for any service performed by him; nor shall the State or any county pay to any county officer in any county containing a population of twenty thousand (20,000) inhabitants or more according to the last preceding Federal Census any fee or commission for any service by him performed as such officer; . . . ."

Section 3 of Article 3912e, Vernon's Civil Statutes, provides, in part:

"In all cases where the Commissioners Court shall have determined that county officers or precinct officers in such county shall be compensated for their services by the payment of an annual salary, neither the State of Texas nor any county shall be charged with or pay to any of the officers so compensated, any fee or commission for the performance of any or all of the duties of their offices but such officers shall receive said salary in lieu of all other fees, commissions or compensation which they would otherwise be authorized to retain; . . . ."

Prior to the enactment of House Bills 78 and 80 (Acts 60th Leg., 1967, ch 680, p. 1785; Acts 60th Leg., 1967, ch 681, p. 1789), Sections 1 and 3 of Article 3912e prohibited the payment of any fee by the State of Texas or a county to any county official on a salary basis

Section 2 of the aforesaid House Bill 80 repealed Sections 1 and 3 of Article 3912e, but only insofar as its provisions were in conflict with the provisions of House Bill 80. Attorney General's Opinion Numbers M-128, M-134, M-135, M-142 and M-148. The said repeal did not affect other provisions which were not in conflict, such as Section 246 of the Texas Probate Code, authorizing a court to order that no costs or fees be charged a needy person in guardianship proceedings Attorney General's Opinion M-148. By like construction, the repeal did not affect the provisions of Sections 1 and 3 of Article 3912e insofar as it applied to fees in the Code of Criminal Procedure. With the above provisions of Sections 1 and 3 of Article 3912e in mind, and considering the previously referred to constructions of House Bills 78 and 80, we may now consider the proper construction to be given Article 1064, Code of Criminal Procedure, as amended by House Bill 79. Acts 60th Leg., 1967, ch. 743, p. 2010.

Section 1 of House Bill 79 provides as follows:

"Section 1. Article 1064 of the Code of Criminal Procedure of Texas, 1925, is amended to read as follows:

" 'Article 1064. Fees of district and county clerks

" '(1) The clerks of the county courts, county courts at law and district courts shall be allowed the following fees:

" '(a) A fee of Fifteen Dollars ($15.00) in each cause filed in said courts: for filing complaints, information, for docketing and taxing costs for each defendant, for issuing original writs, issuing subpoenas, for swearing and impaneling a jury, receiving and recording verdict, for filing each paper entered in this cause, for swearing witnesses and for all other clerical duties in connection with such cause in county and district courts.

" '(b) A fee of One Dollar ($1.00) per page or part of a page, to be paid at the time each order is placed, for issuing each certified copy, transcript or any other paper authorized, permitted, or required, to be issued by said county clerk or clerk of county courts or clerk of district courts.' "

Section 2 is the emergency clause. It is noted that the amendment above quoted merely changed the amount of fees to be collected under the provisions of 1064 and made no other change. Therefore, the provisions of Sections 1 and 3 of Article 3912e were not amended either expressly or by implication, by the provisions of House Bill 79. You are, therefore, advised that it is the opinion of this office that Attorney General's Opinion No. WW-820 remains applicable to those fees set out in Article 1064, Code of Criminal Procedure, as amended.

It is noted that the fees to be charged for issuing a certified copy of the transcript or any other paper authorized or permitted to be issued in criminal cases is governed by the pro-

visions of House Bill 79 rather than House Bills 78 and 80. Therefore, House Bills 78 and 80 would not authorize payment of a fee to a District or County Clerk Instead, such fees would be prohibited by the provisions of Sections 1 and 3 of Article 3912e, for the reason that House Bill 79 did not amend, either expressly or by implication, such prohibition

In Attorney General's Opinion No. WW-820, it was held that the fees provided in Article 1064 could not be charged to a county for the reason that the provisions of Sections 1 and 3 of Article 3912e prohibited such change. Since no change other than the amount of fees was made by the enactment of House Bill 79, you are advised that Attorney General's Opinion No. WW-820 remains in full force and effect.

## SUMMARY

House Bill 79 (Acts 60th Leg., 1967, ch. 743, p. 2010) merely changed the amount of fees payable to district and county clerks in criminal matters.

Sections 1 and 3 of Article 3912e. V.C.S, remain in effect as to the fees payable under Article 1064, V.C.C.P., and neither the State nor any county may be charged such fees, in any county containing a population of twenty thousand inhabitants or more, and in all cases where the Commissioners Court shall have determined that county officers shall be compensated on a salary basis.

Attorney General's Opinion WW-820 (1960) is reaffirmed

Yours very truly,

CRAWFORD C MARTIN
Attorney General of Texas

Prepared by Malcolm L Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Polk Shelton
Monroe Clayton
John Banks

A. J. CARUBBI, JR
Staff Legal Assistant